IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GERRARD D. JONES,
FDOC Inmate No. 503034,
     Plaintiff,

vs.                            Case No.:  3:18cv1118/RV/EMT

SHEILA SZALAI,
     Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida Department of Corrections ("FDOC"), proceeding pro se and in forma pauperis, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).  Upon consideration, for the reasons given below, the court recommends that this action be dismissed.

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under § 1915A(b)(1). *See* Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *see also, e.g.*, Sears v. Haas, 509 F. App'x 935, 935–36 (11th Cir. 2013) (unpublished) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Harris v. Warden, 498 F. App'x 962, 964–65 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice for abuse of judicial process was warranted where inmate made no attempt to disclose his prior cases in his original and amended complaints); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132–33 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where

plaintiff failed to disclose existence of one prior case, and though he disclosed existence of another prior case, he still failed to disclose that the case was dismissed as frivolous, malicious, failing to state a claim, or prior to service); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011) (unpublished) (prisoner's failure to disclose previous lawsuit filed in district court while he was a prisoner constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action, because prisoner's misrepresentation was not excused by his explanation that he misunderstood complaint form on which he represented, under penalty of perjury, that he did not file any prior lawsuits with similar facts or otherwise relating to his imprisonment or conditions of imprisonment); Shelton v. Rohrs, 406 F. App'x 340, 340–41 (11th Cir. 2010) (unpublished) (affirming dismissal of action without prejudice for prisoner plaintiff's abuse of judicial process where plaintiff failed to disclose four previous civil actions; even if prisoner did not have access to his legal materials, he would have known that he filed multiple previous lawsuits); Young v. Sec'y for Dep't of Corr., 380 F. App'x 939, 940–41 (11th Cir. 2010) (unpublished) (district court did not abuse its discretion when it sanctioned Florida prisoner proceeding in forma pauperis by dismissing his civil rights lawsuit *sua sponte* for not disclosing all of the information that was known to him with regard

to his prior cases, even though prisoner could not afford to pay copying and certification costs charged by Florida state courts and he no longer had documents necessary to answer fully due to FDOC rule prohibiting possession of "excess legal material"); <u>Hood v. Tompkins</u>, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (dismissal of pro se state inmate's § 1983 action as sanction for providing false answers to unambiguous questions on complaint form regarding prior lawsuits was not an abuse of discretion, even though inmate conceded in his objections to magistrate judge's report and recommendation that his disclosures were incomplete; to allow inmate to continue with suit would have served to overlook his abuse of judicial process); <u>Strickland v. United States</u>, 739 F. App'x 587, 588 (11th Cir. 2018) (dismissal without prejudice warranted for failure to disclose prior habeas corpus actions filed in district court, where Northern District of Florida complaint form required disclosure of those actions and warned plaintiff case would be dismissed for failure to list any previously filed cases, even though dismissal of one claim was in effect a dismissal with prejudice because the statute of limitations had run as to that claim).

In general, a dismissal without prejudice does not amount to an abuse of discretion. *See* <u>Dynes v. Army Air Force Exch. Serv.</u>, 720 F.2d 1495, 1499 (11th Cir.

1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion).  Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit.  *See* Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

Having conducted a through review, the court is satisfied that this action is malicious and thus recommends dismissal under 28 U.S.C. § 1915A(b)(1).  Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (ECF No. 1 at 3).  Question C of Section IV asks, "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (**including habeas corpus petitions**) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (ECF No. 1 at 6) (second bolded emphasis added).  Where there is a parenthetical area to mark either a "Yes" or "No" answer to this question, Plaintiff marked "Yes" and referenced pages "3-A" and "3-B" of the complaint (*id.*).  Plaintiff then proceeded to list numerous prior cases on two pages he attached to the complaint form and numbered as 3-A and 3-B (ECF No. 1 at 3–4).

Plaintiff thus has stated that, other than the cases listed on pages 3-A and 3-B, he has not initiated other actions in federal court that relate to the fact or manner of his incarceration (including habeas corpus petitions) or the conditions of his confinement, including civil rights complaints about any aspect of prison life, and that he has not filed any other previous cases in federal court that were dismissed as frivolous, malicious, failing to state a claim, or prior to service.

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (ECF No. 1 at 11).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

Spires v. Taylor, Order of Dismissal, Case No. 3:00cv249/RH (N.D. Fla. Oct. 27, 2000). Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

The court takes judicial notice that prior to Plaintiff's commencing the instant case on April 18, 2018, he filed Jones v. Moore, et. al., Case No. 8:02cv00305/EAK, a habeas corpus petition, in the United States District Court for the Middle District of Florida. *See* Jones v. Moore, et. al., Case No. 8:02cv00305/EAK, Petition, ECF No. 1 (M.D. Fla. Oct. 10, 2004).[1] Plaintiff did not list this case in Section IV of his complaint even though it qualified as a federal court action that is responsive to Question C.[2]

---

[1] The FDOC inmate number of the petitioner in the above-listed case is the same as Plaintiff's.

[2] With respect to the instant case, the court acknowledges that after filing his initial complaint Plaintiff filed a document titled "'Amended' Plaintiff [sic] Notice of New Information, And, Plaintiff's Motion to Submit an Updated Listing of 'All Prior Cases' for Insertion in the Lawsuit" which listed additional cases for the court's consideration regarding Plaintiff's litigation history (ECF No. 5). The court denied Plaintiff's motion and directed him to file an amended complaint if he wished to supplement his litigation history (*see* ECF No. 7 (advising Plaintiff, in part, that "a complaint cannot be amended in piecemeal fashion and may be amended *only* by filing a complete amended pleading" which then "completely replaces all earlier complaints")). No Amended Complaint has since been received. The court notes, however, that Plaintiff did <u>not</u> identify Case No. 8:02cv00305/EAK in the Notice filed at ECF No. 5.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, Plaintiff falsely responded to a question on the complaint form, as detailed above.  Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers.[3]  If Plaintiff suffered no penalty for his incomplete and thus untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.  Therefore, this court should not allow Plaintiff's false responses to go unpunished.

---

[3] Indeed, section IV of the complaint form includes the following notice:  "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* ECF No. 1 at 3) (emphasis and capitalization in original).

Case No. 3:18cv1118/RV/EMT

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause <u>without prejudice</u>.[4, 5]  *See* <u>Rivera</u>, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a pro se prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); <u>Spires</u>, Case No. 3:00cv249/RH, Order (N.D. Fla. Oct. 27, 2000) ("Dismissal without prejudice is not too severe a sanction under these circumstances.").  Plaintiff

---

[4] Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit which he failed to identify would equate to overlooking his abuse of the judicial process. *See* <u>Hood</u>, 197 F. App'x at 819.  Amendment would not change the fact that Plaintiff failed to disclose all of the cases he was required to disclose, despite his knowledge that accurate disclosure of his litigation history on the complaint form was required and that dismissal of the instant action may result from his untruthful answers to the questions in Section IV of the complaint form.

[5] This dismissal without prejudice would not appear to equate to a dismissal with prejudice due to any statute of limitations issue.  The statute of limitations for claims under § 1983 is four years.  *See* <u>Chappell v. Rich</u>, 340 F.3d 1279, 1283 (11th Cir. 2003) (four-year statute of limitations for § 1983 claims for which Florida is the forum state).  Plaintiff alleges the conduct of the named Defendant commenced some time after "in or near February 2015," when he first sought medical help for an issue with his right thumb (*see* ECF No. 1 at 7).  He states thereafter he was "eventually" seen by Defendant Nurse Szalai, who arranged for x-rays of the thumb (*id.*).  Plaintiff states that after the x-rays he underwent surgery for his thumb, and his claims in this action relate to the surgery itself (*see id.* at 7–10).  Thus, the statute of limitations will evidently be triggered by the date of the surgery, which date Plaintiff does not identify, but which must have occurred in or after February of 2015.  Although the statute of limitations period is nearing its end, Plaintiff appears to have adequate time to initiate another civil rights action.  Even so, the court is mindful of the decision in <u>Strickland</u>, where the Eleventh Circuit found dismissal appropriate under similar circumstances to those presently before the court, but where the dismissal of one of the counts of the complaint was effectively with prejudice due to the running of the statute of limitations.  739 F. App'x at 587.  In accordance with that opinion, this court is mindful that its decision to dismiss should not ordinarily be swayed by the fact that a particular plaintiff, whether by happenstance or design, has waited until a substantial portion of the limitations period has expired before filing his or her complaint.

should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* <u>Warren v. Guelker</u>, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

**DONE AND ORDERED** this <u>4th</u> day of January 2019.


<u>/s/ *Elizabeth M. Timothy*</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.